JOSHUA MUNCASTER, APPELLANT, v. GRAHAM ICE CREAM COMPANY ET AL., APPELLEES.

FILED MARCH 27, 1919. No. 20421.

Master and Servant: WORKMEN'S COMPENSATION ACT: ACTION AGAINST THIRD PARTY. Under the provisions of section 3659, Rev. St. 1913, an employee has the right to sue a third party for damages, even though his employer has settled with the employee in accordance with the provisions of the workmen's compensation act, if he make his employer a party to the action.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Reversed.*

*Gray & Brumbaugh,* for appellant.

*J. E. von Dorn, contra.*

ALDRICH, J.

Plaintiff commenced an action against defendant to recover damages for personal injuries received growing out of the alleged negligence of the Graham Ice Cream Company. Plaintiff was an employee of the Baker Ice Machine Company, who had contracted to install some

machinery for the Graham Ice Cream Company. The Ice Machine Company settled with the plaintiff under the provisions of the workmen's compensation act, and refused to proceed further and to commence an action for damages against the Graham Ice Cream Company on behalf of the plaintiff. So plaintiff, as is his right under the statute, commenced an action against both defendants to recover damages.

Now the issue is: Can the plaintiff maintain this action under the provisions of section 3659, Rev. St. 1913? It is claimed that plaintiff suffered his personal injuries and damages growing out of the carelessness and negligence of the Graham Ice Cream Company, which is a third party to the provisions of the workmen's compensation act. In other words, after having received compensation under this act, does that bar plaintiff from commencing an independent action in damages against the Graham Ice Cream Company? Under the provisions of section 3659, the legislature intended, beyond question, to give to the injured employee a right of action where the injury complained of grew out of carelessness or negligence of a third party, and we hold that plaintiff has the right to maintain this cause of action under section 3659, and is bound under its provisions to strictly follow the procedure provided for, and, in case of recovery of damages, the funds must be distributed in the matter of expense, etc., under the provisions of this act. Evidently the intent of the legislature was not to limit an employee to the recovery only of the workmen's compensation act; but when, as a matter of justice, the employee was entitled to recover a greater compensation than is provided for in the act, then he had the right to proceed under the provisions of section 3659, and to recover as much as a jury would warrant for his damages and injuries, and, after so recovering, to deduct therefrom the necessary

expenses which his employer had been to in paying out under the provisions of the act. In other words, the plain provisions of this act must be carefully and accurately followed in all of its provisions. It is valid, and the plaintiff is entitled to whatever provisions of compensation there may be growing out of this act. The Baker Ice Machine Company is simply subrogated to the position of the plaintiff herein, and in case the Baker Ice Machine Company, after having settled with the employee under the workmen's compensation act, refuses to go ahead any further, and washes its hands of the whole proceeding, then plaintiff should not be prevented from proceeding under the provisions of this act, as he has done in this case.

This case, therefore, is reversed and remanded for further proceedings.

REVERSED.

CORNISH, J., not sitting.

LETTON, J., concurring.

I concur for a different reason. My view is that plaintiff's right of action, if any, against the Graham Ice Cream Company, a third person with whom he had no contractual relations, is not given by the workmen's compensation act, and that section 3659, Rev. St., 1913, allowing the subrogation of the employer, is merely to provide for the reimbursement of the employer for payments made by him to the injured person, under the provisions of that act.

If the employer, after paying the amount of the statutory compensation, refuses or neglects to bring his action against the negligent third party, this does not deprive the injured person of his right of action against the wrongdoer, but he should, as in this action, make his employer and the alleged wrongdoer both parties to the action. In such case, he is entitled to recover his damages from the third party, less the compensation

paid, as provided in section 3659, and the employer, if he asks for the relief, will be entitled to a judgment equal to the amount of the compensation he has paid. *Smale v. Wrought Washer Mfg. Co.*, 160 Wis. 331; *Otis Elevator Co. v. Miller & Paine*, 240 Fed. 376.

This section should be construed, not to defeat the injured person, but to do justice between him and his employer.

SEDGWICK, J., agrees with this concurrence.