DANIEL M. THOMAS, APPELLEE, v. OTIS ELEVATOR COM-
PANY ET AL., APPELLANTS.

FILED APRIL 4, 1919. No. 20387.

1. **Master and Servant:** WORKMEN'S COMPENSATION ACT: ACTION
AGAINST THIRD PARTY. Section 3659, Rev. St. 1913, is for the bene-
fit of an employer who has paid or is liable to pay compensation
under the act to an injured workman. If the workman who is
injured by the negligence of a third party obtains an assignment
from his employer of his right to bring the action, it may be
maintained directly by the injured workman against the negli-
gent third party.

2. **Negligence:** INSTRUCTIONS. Where a petition charged several
grounds of negligence, it is not error on the part of the district
court to submit any of the allegations of negligence which there
is evidence to support.

3. **Trial:** INSTRUCTIONS. Where the evidence is sufficient as to the
existence or nonexistence of a fact, and is undisputed, it is not
error for the district court to so state to the jury.

4. **Damages.** A man 26 years of age, in consequence of a negligent
act of defendant's workmen, was struck by a descending elevator
and fell to a depth of five stories, falling upon a concrete floor.
The fall caused a compound fracture of both legs, broke one arm,
fractured his jaw, and dislocated a number of his teeth. The nec-
essary surgical operations resulted in shortening both legs, with
one about one and a half inches shorter than the other. One knee
was stiffened and he was crippled for life. He suffered great
pain and agony for several months. He was earning at the time
from $85 to upwards of $90 a month, and his expectancy of life
was 37.14 years. *Held*, that a verdict for $25,000 is not so ex-
cessive as to indicate that it was the result of passion or preju-
dice.

APPEAL from the district court for Douglas county:
CHARLES LESLIE, JUDGE. *Affirmed.*

*Gurley, Fitch, West & Hickman,* for appellants.

*John O. Yeiser* and *John C. Travis, contra.*

LETTON, J.

This is an action to recover damages for personal
injuries brought against the Otis Elevator Company, and

103 Neb.—26

one Blackwell, one of its employees.  Plaintiff recovered a judgment for $25,000, and defendants appeal.

Selden-Breck Company, builders, were erecting a hotel building in Omaha under a contract.  Part of the work was sublet to a number of other concerns.  The Otis Elevator Company, defendant, had a subcontract to install two elevators in the building, and the Omaha Iron Works had a subcontract to erect and furnish certain doors and metal work for the elevator shaft.

The plaintiff was a workman employed by the latter. On the morning of the accident, plaintiff, who had been directed by his foreman the night before to clean up certain dirt and debris from the runway of the elevator door upon the fifth floor of the building, was engaged in this duty, part of his body projecting into the elevator shaft.  The foreman of defendant elevator company and Blackwell were working upon an elevator in another shaft across the hall, when some one called up that shaft to one of them, telling him the foreman, or superintendent, wanted to speak to him.  The two men left the elevator upon which they were working, went to the south shaft, got into the elevator, which was standing there, and, without giving any notice or warning, started the elevator downward.  It struck the plaintiff at the next floor, and he fell five stories to the basement. The fall caused compound fracture of both legs broke one arm, fractured his jaw, dislocated a number of his teeth, and otherwise severely sprained, bruised and injured him.  His injuries required a number of surgical operations, which resulted in shortening one leg about one and a half inches more than the other one which was also shortened. He suffered severe pain and agony, his knee was stiffened, and he is a cripple for life.  He was a young man about 26 years of age, at that time, of strong physique, and was earning at the time of the accident from $85 to $90 and upwards a month, excluding overtime, and his expectancy of life was 37.14 years.

The particular grounds of negligence alleged in the petition are substantially that the work to be performed by the Elevator Company and the Iron Works was of such a character that it conflicted and rendered the south shaft dangerous for the employees of both companies, if they were permitted to work in and about the shaft at the same time; that "said south elevator shaft was turned over to the Omaha General Iron Works, and that instructions were issued to these defendants that said south shaft was not to be used by them, nor was the elevator to be operated during working hours, until the completion of the work to be performed in the shaft by the Omaha General Iron Works;" that said work "was not in fact completed, as said Otis Elevator Company well knew, or ought to have known;" that the defendants, without notice of warning, or taking any precautions, and with full knowledge of the plaintiff's employment, and in breach of the instructions issued that they were not to operate said car in said south shaft during working hours, carelessly and negligently lowered the elevator in said south shaft from the sixth floor downward, striking plaintiff, etc.

In its answer defendant Otis Elevator Company denies generally most of the allegations of the petition, and denies that the plaintiff while working for the Iron Works sustained accidental injuries. It also pleads that under the employers' liability act, where a third person is liable to the employee for injury, the employer shall be subrogated to his right against such third person, and that by reason thereof the plaintiff assigned his cause of action, if any, against said defendant to his employer, and is not a proper party to institute this action.

The reply alleges that the action was brought with the approval and under the direction of the Iron Works. It is further alleged that plaintiff had filed a petition in the district court, alleging the fact of the accident;

that the Iron Works had directed him to prosecute it in his own name; that the Iron Works admitted its liability to plaintiff for compensation, and its willingness to assign its right of action against the Elevator Company, if approved by the court; and that the court authorized plaintiff to continue the prosecution of this action and apply the proceeds, first, to the satisfaction of any claim plaintiff might have against the Iron Works for compensation, as provided by the agreement.

There is little dispute as to the facts, except perhaps with respect to whether there were instructions given by the general contractor to the defendant Elevator Company not to operate the car in the south shaft.

The first complaint made is that the plaintiff had no right to bring the action in his own name under section 3659, Rev. St. 1913. In *Muncaster v. Graham Ice Cream Co. ante, p.* 379, it was decided that the statute did not take away the right of the employee to recover damages against a third person when the relation of master and servant does not exist; that the section was designed for the protection of an employer who had paid the compensation; that, if the employer's rights were protected, it was no concern of the negligent third party.

Furthermore, there was an agreement between the plaintiff and his employer with respect to the bringing of this action, which was approved by the district court. Defendants under these circumstances suffered no prejudice and cannot complain.

The next complaint is that the instructions failed to reflect the issues presented by the pleadings. It is insisted that the trial court by instruction No. 3, submitted the case on the theory that if defendants knew, or in the exercise of ordinary care could have known, the plaintiff's position, it was the duty of the conductor in charge to give plaintiff some reasonable warning of his intention to cause the elevator to de-

scend.  As we read the petition, this ground of negligence was alleged, as well as others, and it was not error for the court to so instruct the jury.

It is also complained that the court erred in saying in that instruction: "It is admitted or established in this case that the work being performed by the plaintiff made it necessary or proper for him to be about or in the elevator shaft known as the south shaft."  It is said this part of the instruction was highly prejudicial to the defendants.  It may be highly prejudicial, but there is no doubt that the statement of fact is correct.  It was not disputed that the plaintiff had been ordered to clean up the runway or the doors, and that the position he assumed was proper for that purpose.  This being the case, the court was justified in stating this to the jury.

It is also complained that the evidence fails to show that the instructions as to not using the shaft were heard or understood by defendants.  There is evidence that the superintendent of the Selden-Breck Company, while Blackwell was running the elevator a few days before, ordered it stopped during working hours, for the reason that the use of the shaft was necessary for the iron workers to complete their work, and that the foreman of the defendant Elevator Company was present.  The fact that the use of the elevator was accordingly stopped is strong evidence that the foreman heard these instructions, and knew that the shaft was in use by the iron workers.  It is immaterial whether or not defendant's foreman made an express agreement with the Iron Works.  If he knew that the iron workers were using the shaft, and had been directed not to use the elevator, this was sufficient.

It is common knowledge that cocontractors in working upon a building in process of erection must take notice of facts and circumstances which demand that control of a particular part of the building for a

Thomas v. Otis Elevator Co.

limited time must be exercised by one or the other in order to avoid injuries to other workmen.

Considering all the testimony in the case, we are convinced that it supports the allegations of negligence, and that such negligence was the proximate cause of plaintiff's injury.

The verdict was for $25,000. It is strongly urged that "this verdict is exorbitant;" that the amount invested at 6 per cent. would bring an amount largely in excess of plaintiff's normal income. In the beginning of this opinion we stated plaintiff's physical condition. It clearly appears that, from being an active, strong and healthy young man, he has been made a deformed and helpless cripple for life. In addition to this, the evidence is clear and positive as to the prolonged and excessive pain and agony which he endured while in the hospital and since. We believe the amount of the verdict is not excessive.

After the trial affidavits from two of the jurors were filed to the effect that the verdict was what is known as a quotient verdict. This evidence is not satisfactory. These affidavits were not made or filed until about three months after the trial. Furthermore, they do not show the jury had previously agreed to be bound by the result. Since the affidavits were not filed until the day the motion for a new trial was passed upon, there was no opportunity to obtain counter affidavits. The practice of attacking verdicts by the affidavits of part of the jurors long after the trial is not to be encouraged or commended. The verdict will not be set aside merely upon such indefinite and uncertain affidavits.

The judgment of the district court is

AFFIRMED.

Rose and CORNISH, JJ., not sitting.