PAUL R. OLIVER, APPELLEE, V. OSCAR W. NELSON, APPELLANT.

FILED DECEMBER 31, 1934. No. 29092.

*James D. Conway* and *George B. Boland,* for appellant.

*B. J. Cunningham* and *Stiner & Boslaugh, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and MUNDAY, District Judge.

DAY, J.

This is an action for personal injuries resulting from an automobile accident. One car driven by defendant and

another driven by plaintiff collided head-on while operated on the highway. The plaintiff recovered a judgment for $5,500 from which the defendant appeals. Such facts as necessary will be stated in the discussion of the issues involved in this court.

It is the contention of the defendant that the plaintiff cannot maintain this action. He alleged in his answer that the plaintiff was involved in the controversial accident "while in the regular course of his employment for the Beechnut Packing Company, a corporation." This contention is founded upon section 48-118, Comp. St. 1929, which is a part of the workmen's compensation law and is:

"Where a third person is liable to the employee or to the dependents, for the injury or death, the employer shall be subrogated to the right of the employee or to the dependents against such third person, and the recovery by such employer shall not be limited to the amount payable as compensation to such employee or dependents, but such employer may recover any amount which such employee or his dependents should have been entitled to recover. Any recovery by the employer against such third person, in excess of the compensation paid by the employer after deducting the expenses of making such recovery, shall be paid forthwith to the employee or to the dependents, and shall be treated as an advance payment by the employer, on account of any future instalments of compensation. Provided, however, that nothing in this section or act shall be construed to deny the right of an injured employee or of his personal representative to bring suit against said third person in his own name or in the name of the personal representative based upon said liability, but in such an event an employer having paid or paying compensation to the said employee or his dependents shall be made a party to the suit for the purpose of reimbursement, under the above provided right of subrogation, of any compensation paid." The proviso beginning, "Provided, however," was added by amendment in 1929. Laws 1929, ch. 135.

This section has been considered by this court in numerous cases. See *Muncaster v. Graham Ice Cream Co.,* 103 Neb. 379; *Thomas v. Otis Elevator Co.,* 103 Neb. 401; *Murphy Construction Co. v. Serck,* 104 Neb. 398; *Graham v. City of Lincoln,* 106 Neb. 305; *O'Donnell v. Baker Ice Machine Co.,* 114 Neb. 9.

The section has been held to be for the benefit of the employer, so that he might recover from a third party, who negligently injured his employee, the amount he was required to pay by the compensation statutes. This court properly held that the act prior to the 1929 amendment provided "that the right to bring an action against the third party rests with the employer until such time as the employee can allege and prove that his employer has neglected or refused to institute the action." *O'Donnell v. Baker Ice Machine Co., supra.* However, the amendment of 1929, noted above, provided that the employee could bring the action by making an employer who had paid or was paying compensation a party defendant. The evidence in this case establishes the fact that the employer had not paid and was not paying compensation to the employee. Section 48-118, Comp. St. 1929, does not prevent an employee under the workmen's compensation law from bringing an action in his own name against a third person liable for damages for personal injury, but requires that the employer having paid or paying compensation shall be made a party. *Goeres v. Goeres,* 124 Neb. 720.

There is no allegation in the pleadings that the plaintiff in this case came under the provisions of the Nebraska workmen's compensation act. The evidence suggests that the plaintiff was a resident of Wichita, Kansas, working for a corporation whose principal place of business was New York, reporting to Kansas City, Missouri, and driving in the course of his employment from Hastings, Nebraska, to Concordia, Kansas. The evidence is too indefinite to determine if it were presented by the pleadings whether or not the plaintiff came within the purview of

the compensation law. If he did not, certainly the quoted section relating to subrogation would not be applicable. If the plaintiff came under the compensation law of Kansas, Missouri, or New York, as argued by the appellant, it is doubtful if the subrogation statute would apply, though we expressly refrain from deciding this question, since it is not presented by the pleadings and the evidence. The plaintiff under the pleadings and the evidence in this case is not barred from prosecuting his action by common-law action for damages for personal injuries against a third person because he did not make his employer a party by section 48-118, Comp. St. 1929.

Appellant complains that the court failed to instruct the jury that, before the plaintiff could recover for the negligence of the defendant, such negligence must have been the proximate cause of the injury. The instructions do not use the word proximate, but an examination discloses that an instruction of the trial judge (No. 5) stated to the jury the proof necessary for the plaintiff to recover. In an action for damages for negligence, an instruction that plaintiff must establish by the greater weight of the evidence that the negligence of the defendant caused the accident and the damage is sufficient relative to proximate cause where there is no question of a remote or intervening cause.

The instruction herein is an admirable one and tells the jury in simple language that the plaintiff must establish by the greater weight of the evidence that the collision and consequent injury to the plaintiff was caused by the negligence of the defendant. A careful analysis of this instruction reveals that it is a correct statement of the law expressed in language that the jury could understand and incorporates every essential element necessary for a recovery by the plaintiff. There was no question in this case of a remote or intervening cause. It is the meaning that is important and the phraseology is not the primary consideration. *Langdon v. Wintersteen,* 58 Neb. 278. Where the meaning of an instruction is clear and a

correct statement of the law, error cannot be predicated on the selection of words.

Lastly, it is urged that the verdict was excessive. The determination of this question requires an examination of the evidence. Dr. Joseph E. Uridil, surgeon attending the injured, testified that plaintiff suffered a dislocated knee, an X-ray picture of which revealed a comminuted or shattered and broken patella or knee cap. He performed an open operation, aligning the bones, repairing the patella with artificial fastenings. The plaintiff was in the hospital five or six weeks. Dr. Uridil further testified at the time of the trial, a year and a half after the accident, that while the maximum recovery in this kind of an injury usually occurred in a year and a half, the plaintiff's leg, though quite good in appearance aside from the wasting of the muscles of the thigh and leg, has a limitation of flexion or motion of about 33 1/3 per cent. He testified that the injury is permanent and the disability 50 per cent.; also that the injury was disabling and painful. Dr. Charles L. Neutzman corroborated this testimony. Defendant offered no medical testimony on this subject.

The plaintiff testified that after three months he tried to resume work by being driven from place to place and using crutches, but after a trial of nine months was compelled to give up the effort because he could not stand on his leg. The plaintiff was 38 years old, and he was earning $175 a month. The verdict did not seem excessive to the trial judge, for he neither granted a motion for new trial nor required a remittitur. Each case must be determined with a consideration of its own facts, and we find nothing in the record which would justify this court in finding that the verdict is so excessive as to require either a reversal and remand or an order requiring a remittitur.

AFFIRMED.