HENRY HEINEMAN, APPELLEE, V. GEORGE WILSON, APPEL-LANT.

271 N. W. 346

FILED FEBRUARY 11, 1937. No. 29833.

*Beghtol, Foe & Rankin,* for appellant.

*John H. Comstock* and *Ira D. Beynon, contra.*

Heard before Rose, Day and Paine, JJ., and Tewell, Chappell and Yeager, District Judges.

Day, J.

In this, an action for damages resulting from injuries occurring in an automobile collision between the parties, the defendant appeals from a judgment entered upon a verdict by a jury.

The trial court refused to permit the defendant to testify that there was a dispute between him and his insurer as to the coverage in question. In response to an inquiry as to whether he carried insurance, he answered that he did not know whether it covered this litigation. Even under the former rule of practice, promulgated by this court under its constitutional authority in *Jessup v. Davis*, 115 Neb. 1, 211 N. W. 190, and many subsequent cases decided under the rule, the objection to the question was proper because it called for a conclusion of law and was not within the issues in this case.

In this connection, the appellant cites *Fielding v. Publix Cars, Inc.*, 130 Neb. 576, 265 N. W. 726, but it is not apparent what conclusion can be drawn from it which is applicable to this case. In the *Fielding* case, this court abrogated the rule of practice promulgated in the *Jessup* case. In effect, a new rule was established, but with the positive provision that it should not be retroactive. It annulled by an authoritative act and abolished the rule of practice that a plaintiff could establish by appropriate inquiries on cross-examination whether defendant was indemnified from loss by insurance. This rule was abrogated by the *Fielding* case as of April 1, 1936. This case was tried in the district court about December 20, 1935. So the new rule was clearly not applicable to this case.

The defendant requested the court to give an instruction based upon the legal maxim *falsus in uno, falsus in omnibus*, which was refused. The testimony of the plaintiff was not such as to require the giving of such an instruction in any case. Upon cross-examination, plaintiff testified that he had not been able to do harvesting work. Later, the evi-

dence developed that he had done threshing, in that he took care of the separator by "keeping the machine oiled, looking after it so that everything is all right, no loose bolts or something like that." This testimony indicated a quibble over the meaning of the words "harvesting" and "threshing" between the plaintiff and defendant's counsel. The accident occurred October 15, 1933, and there was no harvesting or threshing until at least the following July. Special findings were returned by the jury, in addition to the general verdict, in which the jury fixed the damage of the plaintiff on account of personal injuries to himself, loss of time, and medical and surgical expenses at $250. The general verdict was for $4,000, including damages to plaintiff for his own injuries, the injuries to his car, and the injuries to his wife. The largest item as determined by the special findings was the damage resulting from injuries to his wife in the sum of $3,725. A large part of this last item was made up of nursing, hospital care, and medical services, which were alleged to represent an expense of $2,500.

The testimony in question related to the physical condition of the plaintiff nine months after the accident. It appears that the verdict only remunerated the plaintiff moderately for his damages. There could well have been an honest difference of opinion as to plaintiff's physical condition so long after the injury. The threshing work which was done by him was such light work that any one could have done it, as it required so little physical exertion. The true state of facts was placed before the jury. It does not appear that there was sufficient evidence that the plaintiff as a witness wilfully testified falsely upon a material issue before the court. Before such an instruction is required to be given in any case, there must be evidence that a witness wilfully testified falsely upon a material issue before the court. 6 Jones, Commentaries on Evidence, sec. 2473; *Miller v. State,* 139 Wis. 57, 119 N. W. 850; *Judge v. Jordan,* 81 Ia. 519, 46 N. W. 1077; *Markiewicz v. State,* 109 Neb. 514, 191 N. W. 648.

The first instruction given by the court to the jury is subject to some criticism. It is said to assume as facts things which were issues for the determination of the jury. Certain statements relating to the negligent acts and omissions of the defendant alleged to have caused the injury, taken out of the context, might well be said to assume facts in dispute. However, in the context of the instruction and considered with all the other instructions in the case, they would not mislead the jury. An instruction upon the burden of proof correctly instructed the jury that the burden of proof rested upon the plaintiff to establish all these allegations. The appellant usually greatly underrates the mental capacity of the jury. It is an attribute of human nature to underrate the capacity of those who entertain opposite views on any subject.

In a similar situation, *Kuhlman v. Schacht,* 130 Neb. 511, 265 N. W. 549, it was held: "Where the court, in starting to give the issues in the first instruction, neglected to state that 'the plaintiff alleges' or words of similar import, but states plaintiff's cause of action without such words, such omission may not be prejudicially erroneous when the whole instruction and others were such as to not mislead the jury into inferring that the court stated plaintiff's allegations as facts proved." In this same case, Raper, District Judge, made the following pertinent statement so applicable here that we repeat: "We assume the jury were at least men of ordinary intelligence, and that alert and able counsel had stated and argued to the jury on whom was the burden of proof, and what the plaintiff had or had not proved; so, even before the instructions were read, the jury had acquired the knowledge, in a general way, as to what the plaintiff alleged in her petition and what she was under obligation to prove."

While the instruction might have stated the issues in a manner clearly indicating that they were controversial, yet it is apparent that the entire instruction and the instructions as a whole could not mislead the jury. The correct rule is held to be that, where the court states the

issues of the plaintiff's cause of action, but neglects to use the words "the plaintiff alleges" or words of similar import, the omission is not prejudicial, where the entire instruction and all the instructions are such as not to mislead the jury into thinking that the court stated the allegations as facts proved.

· The court in the instruction relating to the various elements constituting the damages claimed by plaintiff failed to qualify the statement by the words, "if any." The same general rule is applicable here as in the other instruction discussed. If the meaning of the instruction is clear and not misleading to the jury, there is no prejudicial error. The appellant would have the trial judge required to qualify every phrase by the words "if any," lest the jury conclude that the court was instructing them that the fact had been established by the evidence. No precise form of expression is necessary in giving instructions, and the ultimate test of soundness is whether under the pleadings and evidence ordinary men and jurors would understand them. 64 C. J. 629; *Osborne v. Montgomery,* 203 Wis. 223, 234 N. W. 372; *Oliver v. Nelson,* 128 Neb. 160, 258 N. W. 69; *Sweeney v. Midwest Life Ins. Co.,* 129 Neb. 521, 262 N. W. 47.

The instruction which causes appellant's complaint, when subjected to this test, and particularly when considered with all the other instructions, was not misleading to or misunderstood by the jury. Where an instruction correctly states the law applicable to the issues in a case in clear and intelligible language, so that ordinary men and jurors understand it, error cannot be predicated thereon. Sometimes extreme care in inserting such words as are omitted here ("if any") does not clarify the meaning but rather adds to the confusion. When the court had concluded the instructions to the jury in this case, the jury could not have understood from them that the plaintiff had been damaged by the negligence of the defendant and that they were only required to determine the amount.

An examination of the record, including the pleadings,

the evidence, the instructions to the jury, and the assignments of error argued in the brief and orally, does not reveal any prejudicial error.

AFFIRMED.