Meehan *v.* Philadelphia, Appellant.

Argued October 2, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Levy Anderson,* First Deputy City Solicitor, with him *James D. McCrudden,* Assistant City Solicitor, *James L. Stern,* Deputy City Solicitor, and *David Berger,* City Solicitor, for appellant.

*Harry R. Back,* for appellee.

OPINION BY WOODSIDE, J., November 18, 1957:

Philip A. Meehan, a Philadelphia policeman, was incapacitated by injuries received on August 26, 1951, when on duty in a patrol car which collided with an automobile driven by Lester Beckman.

Our present problem is whether the City of Philadelphia is to receive credit, on a workmen's compensation judgment, for the sum the policeman received when he settled a trespass action against Beckman.

When a policeman is injured in the performance of his duties and temporarily incapacitated, the Act of June 28, 1935, P. L. 477, 53 PS §637 requires the city to pay his full rate of salary, and all medical and hospital bills incurred in connection with such injury. In compliance with this statute, the city paid Meehan his salary until January 27, 1953. It then dismissed him for total and permanent disability, after having paid him $5,089 salary from the date of his injury. It also paid his medical and hospital expenses of $37.50.

On December 18, 1952, the then city solicitor, on behalf of Meehan individually and the city as use-plaintiff, commenced an action in trespass against Beckman. This joint action was proper procedure. See Pennsylvania Procedural Rule 2002; Goodrich-Amram §2002-(a)-12; Anderson Pennsylvania Civil Practice, Vol. 4, Page 20.

In the complaint Meehan claimed $50,000 for past and future medical expenses, past and future pain and suffering, loss of wages and loss of earning capacity, and the city as use-plaintiff claimed $4,741.54 ($37.50 for hospital bill and the balance for the salary it had paid Meehan up to the time of filing the suit), and such additional sums as it would be required to pay Meehan during his future incapacity.

The claim against Beckman was settled on May 7, 1954. Under the terms of the settlement the city re-

ceived $500 in satisfaction of its subrogation claim which then amounted to $5,126.50. Meehan received $2,500 in satisfaction of his claim. Out of the $2,500 the assistant city solicitor, who brought the action for Meehan, received a fee of $625, leaving a balance of $1,-875 which was paid to Meehan.

On May 3, 1953, approximately 3 months after the city had discontinued paying Meehan his full salary, and a year before the settlement of the trespass action, Meehan filed a workmen's compensation claim against the city to recover compensation for total disability from January 17, 1953, the date when the city discontinued paying him his full salary. The city opposed the workmen's compensation claim on the ground that the claimant's disability subsequent to that date was not connected with the accident which occurred while he was on duty. The referee, the board, the lower court and this Court all found against the city. *Meehan v. Philadelphia,* 182 Pa. Superior Ct. 161, 126 A. 2d 488 (November 13, 1956).

The judgment which we affirmed in that case was in the sum of $10,667.86 representing compensation at the rate of $25 per week for 426 5/7 weeks from January 27, 1953, until the end of the $500 week period which began September 2, 1951, a week after the accident.

On December 18, 1956, the city filed a petition and rule with Philadelphia Court of Common Pleas No. 3 to modify and amend the order of the court in the workmen's compensation case, contending that under section 319 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 PS §671, it was entitled to credit for the sum of $1,875.00 received by Meehan in the settlement of his trespass action against Beckman. No answer was filed to the petition. The court below would have lacked author-

ity to amend the order affirmed by this Court. *Haefele v. Davis,* 380 Pa. 94, 110 A. 2d 233 (1955). However, that court treated the petition filed by the city as a petition to mark the workmen's compensation judgment satisfied in part, but discharged the rule on the ground that the city was not entitled to the credit. This appeal followed.

We must consider first whether an employer may petition the court to direct a partial satisfaction of a judgment against it for workmen's compensation in the amount of the net proceeds received by the employee from a third party tortfeasor, after judgment has been entered against the employer establishing its liability for workmen's compensation; or whether, as the appellee contends, the city is barred from now receiving such credit because it failed to raise the question of the credit in the workmen's compensation case.

The court below was correct in viewing the present proceedings as a petition to mark the judgment satisfied in part. It had the power to enter an appropriate order to accomplish that result. If the city is entitled to a credit, it can receive such credit in these proceedings. *Socha v. Metz,* 385 Pa. 632, 123 A. 2d 837 (1956) ; *Maio v. Fahs,* 339 Pa. 180, 14 A. 2d 105 (1940).

The more serious question is whether, under the circumstances of this case, the city is entitled to the credit which it claims.

Section 319 of the Workmen's Compensation Act as amended, supra, 77 PS §671 provides, inter alia: "Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, . . . against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in

effecting a compromise settlement shall be prorated between the employer and employe, . . . Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, . . . and shall be treated as an advance payment by the employer on account of any future instalments of compensation." (The above does not include amendment of 1956 which is not relevant to this case.)

Ordinarily the city is subrogated to the extent of the compensation payable whether the sum is created by way of verdict or settlement. *Smith v. Yellow Cab Co.,* 288 Pa. 85, 89, 135 A. 858 (1927).

Here, however, the city and its employee brought a joint action and jointly compromised it, the city accepting $500 and the employee $2,500. The workmen's compensation case was then pending. It is to be presumed that the city agreed to this division of the sum for which Beckman compromised the joint claim against him.

Although the city's complaint against the third party tortfeasor made reference to the payments made under the Act of 1935, supra, and made no reference to any sums paid or payable under the Workmen's Compensation Act, it nevertheless did contain a claim for "such additional sums of money to be paid by it to (Meehan) during the period of his incapacity in the future."

Whether this was a claim for the payments made under the Act of 1935 only, or whether it was for both those payments and any sum payable under the Workmen's Compensation Act is not clear. Both acts required "money to be paid by (the city) to (Meehan) during the period of his incapacity in the future." But regardless of this, the city could not have brought another action against Beckman. Certainly as far as the

third party tortfeasor was concerned the city had recovered its subrogation claim against him, not partially, but fully.

Had Meehan settled his claim against Beckman without the knowledge of the city there would be no doubt of its right to recover from him, *Smith v. Yellow Cab Co.*, supra, but here the city not only knew of the settlement, but it received a part of the sum for which Beckman compromised the joint action against him. The city must have agreed that Meehan should receive the share which he did receive. *Myers v. Philadelphia Daily News*, 168 Pa. Superior Ct. 561, 79 A. 2d 787 (1951).

There is every indication that Meehan was led to believe that the money which he received in settlement of his claim for which the city had only a partial right of subrogation, was his own money, and that the city's acceptance of $500 was for its share of his total claim. The assistant city solicitor handling the case must have considered the $2,500 to be the money of the employee, for he took a fee out of it as the employee's attorney, which he· would not have done if his services were merely to create a fund for the use of the city for which he was a solicitor.[1]

The doctrine of subrogation is based on consideration of equity and good conscience. *Potoczny v. Vallejo*, 170 Pa. Superior Ct. 377, 380, 85 A. 2d 675 (1952). "Subrogation is an equitable doctrine, and its basis is the doing of complete essential and perfect justice between all parties without regard to form; its object is

---

[1] Under the circumstances of this case the personal counsel for the policeman would ordinarily be entitled to a reasonable attorney's fee, but this is not true if the counsel creating the fund is employed by the city, and paid a salary by it. See *Furia v. Philadelphia*, 180 Pa. Superior Ct. 50, 61, 118 A. 2d 236 (1955).

the prevention of injustice." *Wilson v. Pittsburgh B. & I. Works,* 85 Pa. Superior Ct. 537, 541 (1925).

The city argues that equitable principles are not applicable here because equity follows the law, and the right of the city to subrogation is established by statute. In considering a subrogation case under Section 319 of the Workmen's Compensation Act, supra, our Supreme Court said: "We have many times said that subrogation is a matter of pure equity, and is never allowed where it would be inequitable to do so. Consequently, as 'he who would have equity must do equity,' he must neither do nor leave undone anything which results in harm to those who are or may be affected by the subrogation which he claims." *Smith v. Yellow Cab Co.,* supra, 288 Pa. 85, 89, 135 A. 858 (1927).

As stated by Judge MILNER in his opinion for the court below: "Both chose to compromise the action. We cannot say at this distance what prompted the settlement, but it is fairly obvious from the later course of the workmen's compensation claim that the employee had in view the recovery of additional compensation, while the city confidently maintained that he had no right under the act. Hindsight may indicate that the city underestimated its liability by way of compensation, but it also may indicate that the claimant could have made a recovery in the trespass action substantially larger than the sum for which he settled, and if such recovery were greater than the judgment herein awarded, he too would have been a gainer . . . We think the city in compromising its claim in the trespass action, gave up its subrogation rights in return for the amount then paid, and that it is now bound by that settlement."

We agree with Judge MILNER. The city in compromising its claim in the trespass action, gave up any

additional subrogation rights in return for the amount then paid.

Order affirmed.