## WILLIAM F. HLADEK v. JOHN A. DALSIN & SON AND ANOTHER.

245 N. W. 2d 593.

August 27, 1976—No. 46319.

*Hansen, Dordell & Bradt, Gene P. Bradt,* and *William M. Bradt,* for relators.

*Paul V. Rieke,* for respondent.

Heard before Kelly, Yetka, and Marsden, JJ., and considered and decided by the court en banc.

YETKA, JUSTICE.

Certiorari to the Workers' Compensation Board to review its decision of October 10, 1975, denying relators, employer and its

insurer, a credit against future compensation liability to the extent of the proceeds of employee-respondent's third-party settlement. We affirm.

Employee-respondent was injured November 21, 1966, while in the employ of relator John A. Dalsin & Son. Its compensation insurer, relator Agricultural Insurance Company (hereafter Agricultural), has made medical and disability payments to employee-respondent in the total amount of $41,299.44.

Some time after the accident, employee-respondent commenced a third-party action against Becker Brothers, Inc., and Allis Chalmers Manufacturing Company. The attorney representing employee-respondent also agreed to represent the interests of the compensation insurer in any recovery made against the third parties. On September 16, 1971, during the course of trial, the third-party action was settled for the total sum of $37,235. Of that amount, $11,842.67 was used to pay the expenses of the lawsuit, including attorneys fees. The balance was divided between employee-respondent and Agricultural, *pursuant to their agreement*, $20,000 to the former and $5,392.33 to the latter.

On September 29, 1971, Agricultural forwarded a document entitled "Statement of Parties as to Compensation Liability Incurred, Third Party Recovery, Attorneys Fees and Costs" to the employee's attorney for his signature and that of employee-respondent. The document, which set forth the distribution of the third-party settlement, also contained a provision preserving Agricultural's right to a credit against future compensation liability to the extent of employee-respondent's share of the settlement. Because of this provision employee-respondent refused to sign.

Hearings were held before a compensation judge on June 20 and October 16, 1974, to determine Agricultural's rights to the credit. The compensation judge ruled that Agricultural, by failing to inform employee-respondent *at the time of the third-party settlement* of its intention to seek a credit, was equitably estopped from subsequently asserting it. On appeal to the Workers'

Compensation Board, that ruling was affirmed. Additionally, the board ruled that Agricultural's right to a credit had been waived by the representations of Agricultural that employee-respondent was to receive his share of the settlement with "no strings attached."

The sole issue raised is whether a compensation insurer may claim a credit pursuant to Minn. St. 176.061, subd. 5, against its future compensation liability for the employee's share of a third-party settlement where (1) the insurer is a party to the settlement, and (2) in its agreement with the employee regarding the settlement, it failed to provide for the credit.

At the outset it should be noted that this court's recent decision in Modjeski v. Federal Bakery of Winona, Inc. 307 Minn. 432, 240 N. W. 2d 542 (1976), is distinguishable from this case. In Modjeski, the court held that the employer-insurer's right to a credit pursuant to Minn. St. 176.061, subd. 5, was not affected by the employee's settlement of its third-party action *where the employer-insurer was not a party to the settlement.* Here the insurer was represented in the settlement and expressly agreed to it.

The board, in denying Agricultural's claim to a credit, relied on the doctrines of equitable estoppel and waiver. While there is support for that position, Flott v. Wenger Mixer Mfg. Co. 189 Kan. 80, 367 P. 2d 44 (1961),[1] we deem it unnecessary to decide the case on that basis.

Where the employer-insurer joins with the employee in the third-party settlement, the settlement operates not only as a compromise of each of their claims against the third party but also as a compromise of their respective rights to the proceeds of the settlement, the assumption being that in return for a *certain* amount the employer-insurer and employee agree to an amount in settlement which may fall short of what could be obtained if the suit were carried to judgment. Consequently, a compromise

---

[1] See, also, 2A Larson, Workmen's Compensation Law, § 74.31, p. 14-223.

is reached between employer-insurer and employee, as here, the former receiving less than the compensation obligation and the latter less than his potential civil recovery. In such a case it would simply be inconsistent with the nature and intent of such a settlement to permit the employer-insurer, absent a provision therefor in the settlement, to satisfy a subsequent and independent obligation to pay further compensation by claiming a credit equal to the employee's share of the settlement. The employee, after all, has no comparative right to increase his recovery against the third party, and thus, as the compensation judge recognized, as to the employee the object of the settlement would be defeated.

Although the attorney representing the employee did not testify and was not called to do so, the record is undisputed that he represented to the employee that he was receiving the equivalent of what would otherwise require an $80,000 to $90,000 recovery if the insurance carrier were to be reimbursed for payments already made, and that the $20,000 that he, the employee, would receive, he would receive "with no strings attached." A settlement with no strings attached barred Agricultural from claiming future credits.

The claims manager for the insurance company was himself an attorney. It is admitted by the company that at the time the settlement was discussed it said nothing about crediting the amount received by the employee against the insurer's future compensation liability. It had a duty to do so if that was its intent.

The situation here is similar to that presented the Pennsylvania court in the case of Meehan v. City of Philadelphia, 184 Pa. Super. 659, 136 A. 2d 178 (1957). In that case, the employer and employee joined in an action against a third party to recover for injuries sustained by the employee for which compensation had been paid. The suit was settled and the proceeds distributed according to the agreement of the employer and employee. The employer's share fell far short of what it had already paid in compensation. Subsequently, the employer attempted to

credit the employee's share of the settlement against its additional compensation liability. The court, while acknowledging that the employer is generally entitled to recover from the third party the full extent of compensation paid or payable, recognized an exception where the employer is a party to the employee's third-party settlement. In essence it held that where the employer joins in a settlement with a third party, thereby compromising his claim, the settlement is as to both the compensation paid by the employer and that payable in the future.

The rationale underlying the decision is expressed in the following passage:

"As stated by Judge Milner in his opinion for the court below: 'Both chose to compromise the action. We cannot say at this distance what prompted the settlement, but it is fairly obvious from the later course of the workmen's compensation claim that the employee had in view the recovery of additional compensation, while the city confidently maintained that he had no right under the act. Hindsight may indicate that the city underestimated its liability by way of compensation, but it also may indicate that the claimant could have made a recovery in the trespass action substantially larger than the sum for which he settled, and if such recovery were greater than the judgment herein awarded, he too would have been a gainer * * *. We think the city in compromising its claim in the trespass action, gave up its subrogation rights in return for the amount then paid, and that it is now bound by that settlement.'

"We agree with Judge Milner. The city in compromising its claim in the trespass action, gave up any additional subrogation rights in return for the amount then paid." 184 Pa. Super. 666, 136 A. 2d 181.[2]

---

[2] See, Millard v. Arnold Meyer Sign Co. 28 App. Div. 2d 1027, 283 N. Y. S. 2d 841 (1967), denying insurer's claim for a credit against subsequent liability for the employee's share of a settlement where the insurer, as part of the settlement, had agreed to limit its lien against the proceeds to an amount less than compensation paid or payable.

. The rationale of the Pennsylvania case is applicable here. In this case, if the claims manager had made it clear that. the right to credit the settlement against future compensation liability were being retained, there would have been no misunderstanding of what was intended. Part of the problem arose here due to the fact that the insurance company, rather than hire its own counsel during the litigation, chose to have the employee's attorney represent it also. Under these circumstances, it is bound by the terms of the settlement as explained by the employee's attorney to the employee.

Affirmed.