LINDA TURNER, APPELLANT, V. METRO AREA TRANSIT, APPELLEE.

368 N.W.2d 809

Filed June 7, 1985.   No. 84-607.

Michael G. Goodman of Matthews & Cannon, P.C., for appellant.

Melvin C. Hansen of Hansen, Engles & Locher, P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

At issue in this appeal from the judgment of the Workmen's Compensation Court is the question of whether an employer's insurer is entitled to treat as advances against possible future compensation payments amounts received in settlement by an employee from a third-party tort-feasor in excess of compensation benefits paid by the employer. The court concluded that the employer's insurer was entitled to such credit, and the employee appeals. We affirm.

Linda Turner, appellant, was injured when the Metro Area Transit bus she was operating was struck by the third party's automobile. Appellant asserted a claim against the third party. As a result of negotiations between the parties, the third party paid the sum of $23,617.82 in full settlement of the appellant's claim. The appellee, Metro Area Transit, and its compensation insurer agreed to the settlement and received an agreed amount in payment, consisting of 67.5 percent of its subrogation interest. The balance of the recovery, after payments of attorney fees, costs, and compensation advances, was retained by the appellant.

After the settlement appellant was temporarily totally disabled for 1 week and incurred additional medical expenses. The appellee refused to make any further payment and claimed it was entitled to set off the expense against the sum received by appellant. The Workmen's Compensation Court generally found for the employer and held that it was entitled to a credit in the amount of $5,600.09. This appeal followed.

The right of an employer to subrogation for amounts paid to the injured employee as workmen's compensation payments is well established in Nebraska statutory law. Rev. Stat. § 3659 (1913) provided:

> Where a third person is liable to the employe or to the dependents, for the injury or death, the employer shall be subrogated to the right of the employe or to the dependents against such third person, and the recovery by such employer shall not be limited to the amount payable as compensation to such employe or dependents, but such employer may recover any amount which such employe or his dependents would have been entitled to recover. Any recovery by the employer against such third person, in excess of the compensation paid by the employer after deducting the expenses of making such recovery, shall be paid forthwith to the employe or to the dependents, and shall be treated as an advance payment by the employer, on account of any future installments of compensation.

The quoted language remains a part of Neb. Rev. Stat. § 48-118 (Reissue 1984).

In *Muncaster v. Graham Ice Cream Co.*, 103 Neb. 379, 172 N.W. 52 (1919), and in *Thomas v. Otis Elevator Co.*, 103 Neb. 401, 172 N.W. 53 (1919), this court construed § 3659. Notwithstanding the language of the section, we decided in *Muncaster* that

> [u]nder the provisions of section 3659, the legislature intended, beyond question, to give to the injured employee a right of action where the injury complained of grew out of carelessness or negligence of a third party, and we hold that plaintiff has the right to maintain this cause of action under section 3659, and is bound under its provisions to strictly follow the procedure provided for,

and, in case of recovery of damages, the funds must be distributed in the matter of expense, etc., under the provisions of this act. Evidently the intent of the legislature was not to limit an employee to the recovery only of the workmen's compensation act; but when, as a matter of justice, the employee was entitled to recover a greater compensation than is provided for in the act, then he had the right to proceed under the provisions of section 3659, and to recover as much as a jury would warrant for his damages and injuries, and, after so recovering, to deduct therefrom the necessary expenses which his employer had been to in paying out under the provisions of the act. In other words, the plain provisions of this act must be carefully and accurately followed in all of its provisions.

103 Neb. at 380-81, 172 N.W. at 52.

In *Thomas* we again reiterated that the employee retains his right of action against the third party, and the third party may not complain when the employer has assigned his subrogation interest to the employee.

In 1963 the above section (then § 48-118 (Reissue 1960)) was amended. The announced purpose of the amendment "would . . . allow the attorney fees [employee's] to be prorated and one party must give to the other party notice of filing of suit . . . ." Labor and Public Welfare Committee Hearing, L.B. 699, 73d Leg. 1 (Apr. 24, 1963). See, also, *Gillotte v. Omaha Public Power Dist.*, 189 Neb. 444, 203 N.W.2d 163 (1973).

Section 48-118 provides that

nothing in this section or act shall be construed to deny the right of an injured employee or of his personal representative to bring suit against such third person in his own name or in the name of the personal representative based upon such liability, but in such event an employer having paid or paying compensation to such employee or his dependents shall be made a party to the suit for the purpose of reimbursement, under the above provided right of subrogation, of any compensation paid. . . .

. . . A settlement of any lawsuit commenced under the provisions of this section shall be void unless (1) such

settlement and the distribution of the proceeds of the settlement thereof are agreed upon in writing by the employee or his personal representative and the insurer of the employer if there be one, and if there be no insurer, then by the employer, or (2) in the absence of such agreement, such settlement is approved by the court before which the action is pending.

Both parties concede that in the settlement documents no mention is made of the right of appellee, Metro Area Transit, or its compensation carrier to set off future claims against the balance recovered by appellant. Professor Larson suggests that "[t]he carrier's right to have the excess of a third-party recovery credited against future compensation liability is a right that can be waived as part of a settlement." 2A A. Larson, The Law of Workmen's Compensation § 74.31(e) at 14-427 (1983).

In *Flott v. Wenger Mixer Manufacturing Co.*, 189 Kan. 80, 367 P.2d 44 (1961), that court held that the carrier's agreement to continue making all future disability benefits and medical expenses waived the provision of a Kansas statute that third-party recovery in excess of compensation payments paid will be credited against future compensation payments.

Larson adds, "Note that this waiver may come about, not necessarily as a result of an express waiver, but also as the result of agreeing to a settlement which does not by its terms include reimbursement for future benefits." 2A A. Larson, *supra* at 14-428; *Hladek v. John A. Dalsin & Son*, 310 Minn. 178, 245 N.W.2d 593 (1976). This question has not previously been considered by this court.

Has the appellee waived its right to offset future payments? Waiver, according to Black's Law Dictionary 1417 (5th ed. 1979), is "[t]he intentional or voluntary relinquishment of a known right, or such conduct as warrants an inference of the relinquishment of such right . . . ." The right of subrogation in these cases arises by statute. The simple acceptance of payment for what one is by statute entitled to receive cannot waive the rights to future payments or offsets, absent something more than mere receipt of money due.

We note that the Supreme Court of Pennsylvania in *Rollins Outdoor Advertising v. W.C.A.B.,* 506 Pa. 592, 487 A.2d

794 (1985), held that provisions waiving an employee's right to future compensation and an employer's acceptance of a payment in full of accrued subrogation were void as against public policy, and also that the employer was entitled to credit for future payments against the proceeds of a third-party settlement. However, no agreement is before us. We can no more infer from the absence of evidence the waiver of the employee's right to future compensation after a third-party settlement than the waiver of the employer's subrogation interest in the excess in the event of future payments.

The judgment of the compensation court is affirmed.

AFFIRMED.

KRIVOSHA, C.J., dissenting.

I must respectfully dissent from the majority opinion in this case. I do so because I do not believe that the majority has properly applied the facts of this case to the law.

The majority quite properly notes that under the provisions of Neb. Rev. Stat. § 48-118 (Reissue 1984):

> Any recovery by the *employer* against such third person, in excess of the compensation paid by the employer after deducting the expenses of making such recovery, shall be paid forthwith to the employee or to the dependents, and shall be treated as an advance payment by the employer, on account of any future installments of compensation . . . .

(Emphasis supplied.) Section 48-118, however, further provides that the employee as well may seek recovery against a third party, in which event an employer having paid or paying compensation to the employee is made a party to the suit for the purpose of reimbursement. However, the language with regard to the effect of future payments found in § 48-118 when the employer brings suit is not found in the act when suit is brought by the employee. One may conclude that if the Legislature omitted the language when discussing the rights of the employee to bring suit, the Legislature intended to relieve the employee of such obligation.

Furthermore, the majority notes that the right to consider such recovery as future payment may be waived by the employer, and, as noted by the majority, such waiver may be the

result of an intentional or voluntary relinquishment of a known right, "or such conduct as warrants an inference of the relinquishment of such right." The majority concludes, however, that "the simple acceptance of payment for what one is by statute entitled to receive cannot waive the rights to future payments or offsets, absent something more than mere receipt of money due." While I do not quarrel with the statement, I do quarrel with its application in the instant case. Here, the employer did not receive "payment for what [it] is by statute entitled to receive" but, rather, compromised and settled its claim for less than what it was entitled to receive. It accepted 67.5 percent of what it was otherwise entitled to receive under the law. It seems clear to me that where one compromises a claim and accepts something less than what one is entitled to receive, the entity accepting the compromise has indeed "waived" what it was otherwise entitled to and should not thereafter be entitled to improve its position. Once the employer has agreed to compromise and accept less, it should not thereafter be entitled to credit on the employee's share of the compromise. It is difficult to imagine what more the employer could have done to manifest its "inference of the relinquishment of such right."

The Pennsylvania Superior Court, in the case of *Meehan v. Philadelphia*, 184 Pa. Super. 659, 136 A.2d 178 (1957), was presented with a somewhat similar situation. In that case the employer and employee joined in an action against a third party to recover for injury sustained by the employee for which compensation paid or payable, recognized an exception where the employer is a party to the employee's third-party settlement. In essence, it held that where the employer joins in the settlement with a third party, thereby compromising his claim, employer attempted to credit the employee's share of the settlement against its additional compensation liability. The court, while acknowledging that the employer is generally entitled to recover from the third party the full extent of compensation paid or payable, recognized an exception where the employer is a party to the employee's third-party settlement. In essence, it held that where the employer joins in the settlement with a third party, thereby compromising his claim,

the settlement is as to both the compensation paid by the employer and that payable in the future. In so holding, the Pennsylvania court said at 184 Pa. Super. at 666, 136 A.2d at 181:

"We think the city in compromising its claim in the trespass action, gave up its subrogation rights in return for the amount then paid, and that it is now bound by that settlement."

The city in compromising its claim in the trespass action, gave up any additional subrogation rights in return for the amount then paid.

A similar result was reached by the Minnesota court in *Hladek v. John A. Dalsin & Son*, 310 Minn. 178, 245 N.W.2d 593 (1976).

We are repeatedly advised that the Workmen's Compensation Act is to be construed liberally so that its beneficent purposes may not be thwarted by technical refinement of interpretation. See, *Friedeman v. State*, 215 Neb. 413, 339 N.W.2d 67 (1983); *Wilson v. Brown-McDonald Co.*, 134 Neb. 211, 278 N.W. 254 (1938). In interpreting the act as we have herein, this employee has now become exempted from the provisions of the Nebraska Workmen's Compensation Act until such time as she receives more than $5,000 in benefits. What is it that the employer compromised? I cannot believe that this is what the Legislature intended. If, indeed, the majority is correct in its view, one would hope that the Legislature would see fit to correct the provisions of the act so as to permit § 48-118 to be consistent with the intended beneficent purposes of the Workmen's Compensation Act.

SHANAHAN, J., dissenting.

In view of *Meehan v. Philadelphia*, 184 Pa. Super. 659, 136 A.2d 178 (1957), and *Hladek v. John A. Dalsin & Son*, 310 Minn. 178, 245 N.W.2d 593 (1976), the better rule appears to be that, when Metro settled its claim against the tort-feasor and gave up its right of future subrogation, Metro correspondingly gave up its right to any credit equal to Turner's share of the settlement. Otherwise, the compromise intended and entered in view of the respective claims of the employer and employee

would be frustrated. The settlement operated not only as a compromise of claims against the third-party tort-feasor but also as a compromise of respective rights in the proceeds of settlement. See *Hladek v. John A. Dalsin & Son, supra.*