Robert METCALFE, Petitioner,

v.

BRUNING DIVISION OF AMI; Liberty Mutual Insurance Company; Subsequent Injury Fund of the State of Colorado; The Industrial Claim Appeals Office of the State of Colorado; and David Mitchem, Director of the Division of Labor and Employment, State of Colorado, Respondents.

No. 92CA1599.

Colorado Court of Appeals, Div. I.

Sept. 9, 1993.

Rehearing Denied Oct. 7, 1993.

Certiorari Denied Feb. 28, 1994.

John S. Evangelisti, Denver, for petitioner.

Zarlengo, Mott, Zarlengo and Winbourn, P.C., Scott M. Busser, Denver, for respondents Bruning Div. of AMI and Liberty Mut. Ins. Co.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., and John R. Parsons, Asst. Atty. Gen., Denver, for respondents Subsequent Injury Fund, Industrial Claim Appeals Office, and Director, Div. of Labor and Employment.

Opinion by Judge NEY.

In this workers' compensation case, Robert Metcalfe (claimant) petitions for review of a final order of the Industrial Claim Appeals Panel determining that his permanent total disability benefits were offset by funds he received from the settlement of his third-party lawsuit. We affirm.

The facts as found by the Administrative Law Judge (ALJ), because they are based primarily on a stipulation, are undisputed. In 1986, while working for respondent Bruning Division of AMI (employer), claimant sustained an admitted industrial injury for which employer's insurer, Liberty Mutual Insurance Co., commenced payment of benefits. When claimant filed an action in district court against a third party whose product allegedly caused the accident, insurer intervened.

In July 1990, insurer settled its claim against the third party for $10,000. The following month, claimant settled his claim against the third party for $57,500, from which he netted $24,813.60. As a result of these settlements, all claims were dismissed in November 1990 by the first trial judge.

However, prior to the dismissal of the entire lawsuit, because insurer was asserting a continuing subrogation claim against his workers' compensation benefits, claimant moved to satisfy the judgment as to the subrogation claim or, alternatively, to dismiss that claim. Claimant reasoned that since insurer could have brought a claim for future benefits against the third party, its settlement with the third party barred insurer's entitlement to subrogation for future benefits.

Although this motion was initially "granted" by the first trial court judge in January 1991, a second judge, in granting insurer's motion to reconsider, determined that the January 1991 order was a nullity. The second judge held that because the entire case had already been dismissed with prejudice in November 1990, any subsequent claims would have to be determined by a workers' compensation ALJ. Therefore, any payments subsequent to the settlement were not part of the district court case.

In February 1991, insurer and the Subsequent Injury Fund (SIF) admitted that claimant was permanently and totally disabled, and each agreed to assume liability for 50% of claimant's permanent total disability payments. The ALJ determined that insurer and SIF were entitled to offset their liability for these benefits by the net proceeds of claimant's third-party settlement. Thus, insurer and the SIF were each entitled to a credit of $12,406.80. The Panel affirmed.

I.

Claimant contends that insurer's settlement and the dismissal with prejudice of the third-party tort action bars insurer's offset against claimant's future workers' compensation benefits. We disagree.

■ When a claimant elects to take workers' compensation and also brings a third-party action, the payment of compensation operates as an assignment of the third-party action to the insurer liable for the payment of such compensation. Section 8–41–203(1), C.R.S. (1993 Cum.Supp.). However, the assignment extends only to workers' compensation benefits paid. *See Brickell v. Business Machines, Inc.,* 817 P.2d 536 (Colo.App. 1990). Otherwise, the right of recovery against the third party remains with the claimant, as does the corollary right not to proceed with the litigation. *Kirkham v.*

*Hickerson Brothers Truck Co.,* 29 Colo.App. 303, 485 P.2d 513 (1971).

■ It follows that the only portion of an action which an insurer can settle is the third-party's liability for compensation already paid to the claimant, not the hypothetical liability for future benefits. Although authority to the contrary exists, *see Hladek v. John A. Dalsin & Son,* 310 Minn. 178, 245 N.W.2d 593 (1976), we are persuaded by the view that the insurer cannot be held to have waived its statutory right to offset a claimant's third-party recovery against an insurer's payment of *future* compensation benefits. *Turner v. Metro Area Transit,* 220 Neb. 189, 368 N.W.2d 809 (1985); *Bayush v. Workmen's Compensation Appeal Board,* 111 Pa.Commw. 617, 534 A.2d 853 (1987). Since the right of subrogation arises by statute, the simple acceptance, without more, of payment due for what one is by statute entitled to receive cannot act as a waiver of the right to future payments or offsets. *Turner v. Metro Area Transit, supra.*

To hold otherwise would, on this record, defeat the statutory purpose of the subrogation provisions. That purpose is to adjust the rights between insurers and claimants by requiring the insurer to be reimbursed out of the claimant's recovery against a third-party tortfeasor for benefits it has paid, leaving the claimant with any excess. *Kennedy v. Industrial Commission,* 735 P.2d 891 (Colo. App.1986).

It follows from the foregoing that we disagree with claimant's assertion that the district court had exclusive jurisdiction to adjudicate insurer's right to offset claimant's settlement proceeds against claims for future workers' compensation benefits. As we have noted, insurer's right in the third-party lawsuit was to recover from the third party to the extent of its existing lien, and no more.

■ The district court did not, and could not, consider whether claimant would be entitled to future workers' compensation benefits. *See Travelers Insurance Co. v. Savio,* 706 P.2d 1258 (Colo.1985). Similarly, the

district court could not presume to infringe upon the Division of Workers' Compensation statutory authority to determine whether insurer was entitled to any offset against an award of future benefits.

## II.

■ Claimant contends also that the doctrines of *res judicata* and collateral estoppel preclude insurer from taking an offset against claimant's net proceeds because the district court determined, through dismissal, the extent of the subrogation claim. We are unpersuaded.

■ *Res judicata,* or claim preclusion, bars relitigation of all issues that might have been, or actually were, decided, and requires an identity of parties or their privies. Its derivative is collateral estoppel, or issue preclusion, which applies to a cause of action different from that involved in the original controversy, but does not apply to matters which could have been litigated, but were not. *Pomeroy v. Waitkus,* 183 Colo. 344, 517 P.2d 396 (1973).

Since we have already determined that the district court could not adjudicate claimant's right to future workers' compensation benefits or insurer's right to obtain an offset, it follows that neither doctrine has any applicability in this case.

## III.

Finally, claimant argues that the SIF is not entitled to an offset for the third-party settlement proceeds. However, § 8–41–203(1) expressly provides that the SIF has subrogation rights with respect to third-party settlement proceeds. Obviously, we must respect the General Assembly's specific statutory mandate.

The order of the Panel is affirmed.

PIERCE and MARQUEZ, JJ., concur.