Latanya L. ANDREWS, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OF-
FICE OF the State of Colorado; Sprint
Express, Inc., d/b/a Sprint Express; and
Colorado Compensation Insurance Au-
thority, Respondents.

No. 97CA0229.

Colorado Court of Appeals,
Div. I.

Jan. 8, 1998.

Rehearing Denied Jan. 8, 1998.

Law Offices of Cynthia M. Pring, Kathleen
W. Robinson, Peter A. Goldstein, Colorado
Springs, for Petitioner.

Curt Kriksciun, Denver, for Respondent
Colorado Compensation Insurance Authority.

No Appearance for Respondent the Indus-
trial Claim Appeals Office of the State of
Colorado.

Opinion by Judge PIERCE.*

In this workers' compensation proceeding,
Latanya L. Andrews (claimant) seeks re-
view of the final order issued by the Indus-
trial Claim Appeals Office (Panel) which
permitted Spring Express, Inc., d/b/a Sprint
Express (employer), through its insurance
carrier, Colorado Compensation Insurance
Authority (CCIA), to offset its liability for
any workers' compensation benefits against

* Sitting by assignment of the Chief Justice under
provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S.1997.

the proceeds claimant received in the settlement of her claims against a third-party. We affirm.

As stipulated to by the parties, claimant sustained a compensable injury in an automobile accident on March 26, 1992, and elected to receive workers' compensation benefits. CCIA admitted liability for the benefits and commenced payment. Both claimant and CCIA then sued the third-party tortfeasor alleged to have caused the accident.

CCIA settled its claim against the third party on November 3, 1994, for $5,480 which represented the amount of benefits it had then paid to claimant. On April 22, 1996, claimant settled her claim against the third party for $775,000 of which her net recovery was $497,588.96.

CCIA subsequently sought to offset its liability for benefits accruing after November 3, 1994, against the net proceeds of claimant's settlement. In a proceeding before an Administrative Law Judge (ALJ), claimant argued that CCIA had waived its right to an offset under the provisions of its settlement agreement with the third party. Claimant also contended that CCIA was barred from asserting its right to an offset because it failed to notify her regarding the settlement and did not allow her to participate in the negotiations leading to the settlement.

The ALJ rejected claimant's arguments and ordered her to reimburse CCIA for benefits she had received after November 3, 1994. The ALJ also granted CCIA an offset against claimant's settlement proceeds for all future benefits owed to her. On review to the Panel, both the reimbursement and offset granted to CCIA were upheld.

Section 8–41–203, C.R.S.1997, which governs the subrogation rights of a workers' compensation insurance carrier, provides for an assignment to the carrier of an employee's claim against a third-party tortfeasor to the extent of the compensation paid to the employee. *Metcalfe v. Bruning Division of AMI*, 868 P.2d 1145 (Colo.App.1993).

■ In the exercise of its right to subrogation, the insurer may not recover any sum in excess of the total amount of compensation for which it is liable. Further, the insurer may settle its claim against the third party with or without the consent of the employee, but is precluded from compelling a compromise of the employee's claim. *See Eckhardt v. Village Inn*, 826 P.2d 855 (Colo.1992).

■ An employee retains control over that part of the claim not assigned except that the insurer's approval of a settlement must be obtained when the amount to be recovered is less than the total compensation owed by the insurer. Section 8–41–203(2), C.R.S.1997; *Metcalfe v. Bruning Division of AMI, supra.*

■ Here, in arguing that CCIA waived any right to an offset for future benefits, claimant relies upon one paragraph of CCIA's settlement with the third party which provides, in pertinent part, that:

> Plaintiff [CCIA] ... hereby forever releases, acquits and discharges Defendant [third party] ... of an [sic] from any and all past, present or future actions, claims, damages, losses, expenses and obligations, which Plaintiff is or may be entitled to recover from persons or parties hereby released ... pursuant to statute, including, but limited, to ... § 8–41–203 ... provided, however, that Plaintiff does not hereby release or waive any rights of recovery or set-off from Latanya Andrews of sums paid to Latanya Andrews in the future.

Claimant argues that, by releasing its future claims against the third party while preserving its right of set off against her, CCIA has placed her in an unfair position whereby it may proceed against her for the benefits, but she may not recover the benefits from the third party.

Claimant's argument is inconsistent with the plain meaning of the language quoted above which indicates no intention to restrict her from proceeding on her separate claims against the third party.

■ Further, under the subrogation scheme of § 8–41–203, an insurer's participation in the settlement of a third-party action and its execution of a release does not constitute a waiver of its statutory right to claim an offset against future workers' compensation benefits. *Jordan v. Fonken & Ste-*

*vens, P.C.,* 914 P.2d 394 (Colo.App.1995). This rule is dispositive.

If we were to apply § 8–41–203 as construed by claimant, the underlying purpose of the statute to prevent double recovery would be frustrated. *See Sneath v. Express Messenger Service,* 931 P.2d 565 (Colo.App. 1996); *Metcalfe v. Bruning Division of AMI, supra.*

Order affirmed.

METZGER and TAUBMAN, JJ., concur.