Sophie **ARENDAS**, Administratrix of the
Estate of Walter L. Lenart, Deceased,
Plaintiff,

v.

**RICH & COMPANY**, Inc., Defendant,

v.

**EQUITABLE GAS COMPANY**, Third-
party Defendant.

Civ. A. No. 60–4.

United States District Court
W. D. Pennsylvania.

Aug. 27, 1963.

John E. Evans, Jr., Pittsburgh, Pa.,
for plaintiff.

Kim Darragh, Pittsburgh, Pa., for defendant.

Wm. J. Lancaster, Pittsburgh, Pa., for
third-party defendant.

ROSENBERG, District Judge.

The plaintiff as the representative of
an estate desires approval of her petition
to settle this action. She here seeks to
effect the settlement with the defendant
without any allowance to the third-party
defendant for payments of workmen's
compensation benefits to the widow and
children of its deceased employee. The
third-party defendant objects to such a
settlement.

This case has already been tried by
jury which rendered a verdict in favor
of the defendant and the third-party defendant. The action was instituted by
reason of the accidental death of the
plaintiff's decedent when a tractor, which
he was operating for the third-party defendant employer, turned over and, almost instantly, crushed him to death.
The plaintiff based her action upon the
negligence of the defendant in failing to
provide safety measures on the equipment rented to the third-party defendant
employer, and which the third-party defendant employer furnished the decedent
as operable equipment.

The plaintiff avers that the third-party
defendant would have been subrogated,
for its payments for workmen's compensation benefits to the widow and children,
in any proceeding to which they would
have been entitled because of any verdict
which the plaintiff might have obtained;
that this was foreclosed by the third-party defendant when it not only failed
to aid the plaintiff in the conducting of
the trial, but effectively hindered and obstructed the plaintiff in the case; and
that under these circumstances the third-party defendant was not entitled to any
subrogation.

The third-party defendant in an answer to plaintiff's petition for leave to
settle attempts to set up certain factual

issues, but the pertinent one is: did the third-party defendant cooperate with the plaintiff in her attempt to procure recovery and, to the contrary, did it fail to aid and did it in any manner, even in the slightest degree, obstruct the plaintiff in her claim at the trial of this case.

■■ The right of an employer and his insurance carrier to subrogation here must arise by virtue of the Pennsylvania Workmen's Compensation Act of June 2, 1915, P.L. 736, as amended 77 P.S. § 671, Section 319. This section provides as follows:

"Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future installments of compensation."

Before considering the merits of the plaintiff's petition, the plaintiff's legal right must first appear. She rests her petition on the principle contained in Meehan v. Philadelphia, 184 Pa.Super. 659, 136 A.2d 178 (1957), which asserts that the doctrine of subrogation is based upon consideration of equity and good conscience. The third-party defendant disagrees that this case rules the present one and offers instead Bumbarger v. Bumbarger, et al., 190 Pa.Super. 571, 155 A.2d 216, which, it argues, is factually similar to the instant case.

I am unable to agree with counsel for the third-party defendant that Bumbarger rules factually. This case deals only with the right of the employer to be subrogated to money procured in a settlement which included damages for pain and suffering. These are not the facts in the instant case. The Bumbarger case does, however, agree with the plaintiff's case when it states at page 574 of 190 Pa.Super., at page 218 of 155 A.2d the following:

"In Furia v. Philadelphia, 180 Pa. Super. 50, 54, 118 A.2d 236, 238, we said: 'Subrogation is an equitable doctrine and its basis is the doing of complete, essential and perfect justice between all parties without regard to form. Its object is the prevention of injustice.' See Meehan v. Philadelphia, 184 Pa.Super. 659, 665, 136 A.2d 178."

Meehan as opposed to Bumbarger deals with the rights of the employer based upon the employer's actions in the determination of whether it, the employer, has done or failed to do anything in equity which could or should exclude it from a right of subrogation.

■ There is nothing in the record to give the third-party defendant any right to its claim for subrogation, but there is merit in the plaintiff's contention. From the record and as trial judge of this case, this Court is familar with the in-chambers and out-of-jury conferences by which plaintiff's counsel had sought from counsel for the third-party defendant certain cooperation and aid, particularly as regards records, and that this was resisted by the third-party defendant. Neither is there any indication in the entire record that there was any aid or free cooperation given on the part of the third-party defendant to the plaintiff. We can only surmise in the eventual outcome of that jury trial, had the third-party defendant given the plaintiff fuller support, as the plaintiff had requested before and while the case was being

tried, if there had been fuller cooperation and the plaintiff had recovered a verdict, it would have also enured to the benefit of the third-party defendant, and it would then have been entitled to subrogation.

Then, too, the third-party defendant appears to have been satisfied with the jury's verdict in favor of the defendant and the third-party defendant, since it filed no motions to reverse or for a new trial. The plaintiff did, and this small settlement is a result of her action and nothing which the third-party defendant did. The third-party defendant has neither averred nor presented anything which indicates the opposite, or that there may be any efficacy in a second trial. Nothing appears which shows that the third-party defendant is entitled to a second jury trial (even if it should want one—and there is nothing to show that the third-party defendant does); so that, equitably, to permit this settlement will leave the third-party defendant in the position it wanted to be in during and immediately after the first jury trial. In such position it was not entitled to receive subrogation, and it ought not to receive any now from such proceeds which may be procured by reason of the present settlement which it, the third-party defendant, did nothing to obtain.

As the trial judge, I have evaluated all the evidence. A new trial was granted only because of possible error during the trial as regards a lack of clarity in instructions to the jury as related to contributory negligence and assumption of risk. In order to avoid any miscarriage of justice, the new trial was granted, otherwise the jury's verdict would have been sustained as amply supported by the evidence.

In accepting the evaluation of counsel for the petitioner, as presented at the argument, I believe that equity will be done if the widow and her children, particularly, and the estate are allowed to receive whatever amount may now be gotten in accordance with the table of distribution in an order attached to the petition.

I have the impression that the widow and children may very well procure nothing by a second trial of this case, as against the certainty of the presently contemplated settlement.

For all of which reasons, the petition should and will be approved.