## Pennsylvania Manufacturers' Association Insurance Company v. Savage

*Frederick W. Anton, 3rd,* for plaintiff.

*George D'Angelo* and *Truscott & Erisman,* for defendant.

LEVIN, J., April 30, 1970.—Plaintiff instituted this suit in equity to recover from defendant amounts paid to her as workmen's compensation, alleging it had a right to be subrogated to an amount recovered in settlement for two injuries sustained subsequent to

the injury for which she was receiving compensation payments.

Defendant was an employe of Jefferson Hospital and was injured in the course of her employment, for which injury this plaintiff, as the hospital's compensation carrier, entered into an agreement to pay $46 per week and hospital and medical expenses. While defendant was recovering and a patient in the same Jefferson Hospital, she was injured on two separate occasions. She instituted suit to recover for the alleged negligence of the hospital's employes, ultimately agreeing to settle with the hospital for $27,500, which was paid by the hospital's liability insurer.

Plaintiff thereupon ceased its compensation payments, claiming that under section 319 of the Act of June 2, 1915, P. L. 736, as amended, 77 PS §671, it was entitled to recover its payments from that settlement. Plaintiff reasons that the second and third injuries, arising as they do during hospitalization from the first, compensable, injury are also compensable and that the hospital as employer could be forced to pay compensation which this plaintiff, by virtue of its agreement with the hospital, would actually pay. If this were true, of course, then the action instituted by this defendant against the hospital which was eventually settled could not have been maintained, as workmen's compensation is an exclusive remedy. Plaintiff attempts to surmount this barrier by saying that the hospital is at one and the same time the employer and a third party, logically a difficult proposition. Nevertheless, being bound to pay, claims plaintiff, it should be allowed to be subrogated to the settlement from this employer-third party. By its own reasoning, plaintiff could not wholly succeed in the relief requested and, for the reasons discussed below, cannot succeed at all.

Plaintiff, in its brief in response to defendant's preliminary objections, states that the purpose of the subrogation provision of the Workmen's Compensation Act is to prevent an employe from making a double recovery. Plaintiff then claims that to fail to remit to it the amounts paid *even prior to the second and third injuries* and, therefore, *attributable totally to the first accident* would be to allow this defendant a double recovery. Even on its face, this argument is specious. The hospital settled with this defendant for its possible liability in regard to the second and third accidents only, for the first accident was already settled by the workmen's compensation payments, the only remedy which defendant had for that first accident, as all the parties involved knew full well. This settlement could not have encompassed the medical and hospital expenses attributable only to the first accident or the wages lost as a result. Therefore, moneys received by this defendant as a result of the first accident have been paid to her only once and, having received these payments only once, there is no fund to which plaintiff may be subrogated.

But even if there were the possibility of some double recovery, plaintiff is not entitled to be subrogated to any part of this fund. Subrogation is an equitable doctrine (Arendas v. Rich & Company, 220 F.Supp. 957 (1963)), and the same considerations and reasoning which were brought to bear in Meehan v. Philadelphia, 184 Pa. Superior Ct. 659 (1957), apply to this case. In Meehan, defendant was the employer of plaintiff and was paying compensation as a result of an injury in the course of employment, for which injury a third party was clearly liable. The city and Meehan joined in a settlement of a suit against that third party in which the amounts to be received by each were specified. After this settlement, the city claimed it

had a right to be subrogated to the amount received by Meehan. The claim was denied on the grounds, inter alia, that by joining in the settlement the city led Meehan to believe that he was going to receive the amount specified and it would be inequitable for them to now turn around and cease the payments which it had been making and on which Meehan might well have relied in considering the settlement which was made.

In this case, we must remember that the statute relied upon by plaintiff for its rights at no time refers to the employer's insurer. Only the employer has a right to be subrogated. We do not question the right of the insurer to itself be subrogated to that which the employer could be subrogated to, but the insurer stands in the shoes of the employer for these purposes and cannot recover when the employer could not. It seems elementary, therefore, that the hospital is not entitled to be subrogated to payments it is itself making, even under the unique factual setting of this case. The hospital was aware of the exclusiveness of the remedy provided by the Workmen's Compensation Act and thus acknowledged the inapplicability of the act to the second and third accidents. Even if they were incorrect in their assumption as to the applicable law, it was their action which led defendant in this case to accept the settlement offered. To reach any other conclusion would permit this anomalous and inequitable position to be reached: the hospital, having paid and being liable to pay certain sums, albeit through its compensation carrier, has injured this defendant once in the course of employment and then twice more while she was a patient. While paying what is due for the first injury, the hospital offers a sum in settlement of its liability for the second and third injuries. Having led defendant into accepting a certain sum, the hospital now asks to be allowed to get

back a major portion of that settlement as repayment for the amounts paid for the first accident. The court, in exercise of its equitable jurisdiction, could never allow such a result. It may well be that having farmed out its liability in these cases to two different insurers, the insurer's rights are prejudiced by the actions of the hospital, but we cannot allow that to deprive this defendant of that to which she is rightfully entitled.

Therefore, April 30, 1970, it is ordered that plaintiff's complaint is dismissed.