Sosman, J.
Plaintiff Leroy Tuper brought the present action complaining of personal injuries sustained as a result of a work accident. Plaintiffs employer, defendant International Concrete Floor Company (“International”), did not carry workers’ compensation insurance at the time of plaintiffs accident, and plaintiff is therefore pursuing a claim of strict liability against his employer pursuant to G.L.c. 152, §66. International, and defendant Luis DaSilva (the sole owner of International), have defended by claiming that plaintiff did receive workers’ compensation from the insurer of the general contractor on the job, pursuant to G.L.c. 152, §18. The parties have filed cross motions for summary judgment, as the case is controlled by the legal issue of the relationship between these two sections of the workers’ compensation statute. For the reasons set forth below, plaintiffs motion for summary judgment is granted and defendant’s motion is denied.
Facts
In November 1989, International was a subcontractor on a construction job in Concord, New Hampshire. The general contractor was Beaver Builders Inc. (“Beaver”). Plaintiff Tuper was employed by International. Defendant DaSilva was the sole owner and president of International.
On November 9, 1989, Tuper was injured while working at the construction site in Concord. International did not have workers’ compensation insurance at the time. Pursuant to G.L.c. 152, §18, Tuper successfully claimed workers’ compensation benefits from Maryland Casualty Insurance Company, the workers’ compensation carrier for Beaver. The total benefits received came to $102,136.40, including a $35,000 lump sum payment.
Discussion
Defendants International and DaSilva contend that there is a disputed fact as to whether Tuper was acting as an employee of International, as opposed to an employee of Beaver, at the time of the accident. Tuper’s affidavit states that he was an employee of International, the subcontractor, at the time. Defendants have not proffered any evidence to indicate that Tuper was in the employ of someone else. All defendants have proffered is the workers’ compensation claim forms themselves. Those forms plainly state that the insured, Beaver, is the “employer” only for purposes of a §18 claim.[1] There is no competent, admissible evidence to show that Tuper was at the site in any capacity other than that of an employee of the subcontractor, International.
As the employer of Tuper, International was required to maintain workers’ compensation insurance. Failure to obtain such insurance renders the employer *387 strictly liable for injuries occurring in the course of a worker’s employment. G.L.c. 152, §66. See Coppola v. City of Beverly, 31 Mass.App.Ct. 209, 210-11, review denied, 411 Mass. 1102 (1991), and cases cited therein. DaSilva, as the sole owner and president of International, is also personally liable for the failure to obtain the required coverage. See LaClair v. Silberline Manufacturing Co., 379 Mass. 21 (1979). Tuper’s injuries occurred during the course of his employment, and he is thus entitled to pursue a claim for those injuries against his employer, International, and against DaSilva.
Defendants assert, however, that Tuper’s claim should be barred or offset by the fact that he did receive insurance benefits by way of the general contractor’s insurance. Pursuant to G.L.c. 152, §18, an insured general contractor must honor workers’ compensation claims of employees of a subcontractor if the subcontractor is uninsured. That same section of the statute then gives the insurer of the general contractor the right to recover from the uninsured subcontractor for the amounts it had to pay out to the injured worker.
Nowhere does the statute state or even suggest that a worker who has recovered benefits from a general contractor’s insurer is barred from pursuing his personal injury claim against his own uninsured employer. Nor is it necessary to read into the statute any such provision. To the contrary, the law has sought to penalize uninsured employers by exposing them to strict liability. See Brown v. Leighton, 385 Mass. 757 (1982).
In Brown, an uninsured employer was held not entitled to any subrogation or setoff from funds received from a third party who was responsible for the injured employee’s accident. Despite the fact that the injured employee in Brown would reap a double recovery, the policy of enforcing the mandatory workers’ compensation insurance prevented the employer from obtaining any setoff. As the court reasoned, allowing an uninsured employer to “reap the benefits of subrogation” would effectively “reward [] him for his illegal conduct.” 385 Mass, at 761.
The rationale of Brown applies with even greater force in the present case. As an uninsured employer operating in violation of the workers’ compensation laws, International should not be allowed to benefit from the fact that the general contractor on the job did comply with the law.[2] That liability should ultimately rest with International is further indicated by the fact that Maryland Casualty, Beaver’s insurer, has the option of recovering from International pursuant to the express provisions of §18.
Unlike Brown, the present case does not even pose the problem of double recovery. The insurer who paid Tuper’s benefits has the customary lien on whatever sums Tuper recovers from International and/or DaSilva. Whether the insurer opts to pursue International itself, or whether the insurer passively awaits the satisfaction of its lien, the result should be the same.[3]
There being no dispute of material fact as to Tuper’s status as an employee of International at the time of his injury, as to International’s failure to obtain workers’ compensation insurance, and as to DaSilva’s status as sole owner and president of International, Tuper’s motion for summary judgment as to liability against International and DaSilva is granted. As a matter of law, International and DaSilva are not entitled to any setoff on account of amounts paid to Tuper under §18. The case will proceed to an assessment of damages.
ORDER
For the foregoing reasons, defendants’ motion for summary judgment is denied, plaintiffs motion for summary judgment against International Concrete Floor Company and Luis DaSilva is allowed as to liability, and it is hereby ORDERED that the matter be scheduled for Em assessment of damages against International Concrete Floor Company and Luis DaSilva.

Indeed, Maryland Casually initially denied coverage on the ground that Beaver “has no record of the employee ever working for them.”

An affidavit of DaSilva states that “pursuant to an agreement between International Concrete and the general contractor, Beaver Construction, said workers’ compensation coverage was provided by Maryland Casualty Insurance Company, the insurer for Beaver Construction Co.” The present record is unclear as to what this alleged “agreement” was. It is clear, however, that any such “agreement” did not make express provisions to have coverage for International’s employees, as evidenced by the fact that Maryland Casualty Insurance Company initially rejected Tuper’s claim on the ground that he was not an employee of Beaver. His claim was ultimately allowed only on account of §18, not on account of any “agreement” with respect to coverage. Nothing in this opinion is intended to suggest that general contractors and subcontractors may not make express agreements to obtain workers’ compensation insurance in ways that would avoid duplicate coverage and unnecessary premiums. At a minimum, however, any such agreements would have to give the injured worker the right to claim benefits directly without having to resort to §18.

Allowing International a full setoff of the amounts already paid would only give rise to an unnecessarily repetitive lawsuit by Maryland Casualty to recover the sums paid out. Satisfying the insurer’s claim by the usual method of enforcing its lien is a more efficient method of reaching the same just result.